```
                     UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK

In re:                              :
                                         Docket #1:22-cv-02780-
RISLEY,                             : KPF

                     Plaintiff,     :

   - against -                      :

UNIVERSAL NAVIGATION, INC., et al., : New York, New York
                                      July 29, 2022
                     Defendants.     :

                                      REMOTE MOTION HEARING
------------------------------------ :
```

```
                       PROCEEDINGS BEFORE
               THE HONORABLE KATHERINE POLK FAILLA,
                   UNITED STATES DISTRICT JUDGE
```

APPEARANCES:

For Plaintiff:          KIM & SERRITELLA LLP
                        BY:  JAMES ROCCO SERRITELLA, ESQ.
                             ARAM BOGHOSIAN, ESQ.
                        110 West 40th Street, 10th Floor
                        New York, New York 10018

                        BARTON LLP
                        BY:  MICHAEL CHRISTOPHER WARD, ESQ.
                             CHRISTOPHER MCNAMARA, ESQ.
                        711 Third Avenue, 14th Floor
                        New York, New York 10017



Transcription Service:  Carole Ludwig, *Transcription Services*
                        155 East Fourth Street #3C
                        New York, New York 10009
                        Phone:  (212) 420-0771
                        Email:  Transcription420@aol.com

Proceedings conducted telephonically and recorded by
electronic sound recording;
Transcript produced by transcription service

<u>APPEARANCES - CONTINUED:</u>

For Defendants Union            DEBEVOISE & PLIMPTON, LLP
Square Ventures;                BY:  ELLIOT GREENFIELD, ESQ.
Universal Navigation,                BRANDON R. FETZER, ESQ.
Hayden Adams:                   919 Third Avenue, 3rd Floor
                                New York, New York 10022


For Defendant Paradigm:         SKADDEN, ARPS, SLATE, MEAGHER & FLOM
                                BY:  TANSY WOAN, ESQ.
                                     ALEXANDER C. DRYLEWSKI, ESQ.
                                     SAMANTHA KAPLAN, ESQ.
                                One Manhattan West
                                New York, New York 10001-8602


For Defendant AH               LATHAM & WATKINS LLP
Capital Management:            BY:  SUSAN ELISABETH ENGEL, ESQ.
                               555 Eleventh Street, N.W., Suite 1000
                               Washington, D.C.  20004

                               LATHAM & WATKINS LLP
                               BY:  JULIA ROSE MILLER, ESQ.
                               1271 Avenue of the Americas
                               New York, New York 10020

## <u>INDEX</u>

### <u>E X A M I N A T I O N S</u>

| <u>Witness</u> | <u>Direct</u> | <u>Cross</u> | Re-<br><u>Direct</u> | Re-<br><u>Cross</u> |
|---|---|---|---|---|
| None | | | | |

### <u>E X H I B I T S</u>

| Exhibit<br><u>Number</u> | <u>Description</u> | <u>ID</u> | <u>In</u> | Voir<br><u>Dire</u> |
|---|---|---|---|---|
| None | | | | |

```
 1                      PROCEEDINGS               4
 2              THE CLERK:  Your Honor, this is in the matter of
 3    Risley vs. Universal Navigation Inc. et al.
 4              Counsel, please state your name for the record,
 5    beginning with plaintiff.
 6              MR. JAMES R. SERRITELLA:  James Serritella from
 7    Kim & Serritella LLP.  And I'm here with my colleague
 8    from my firm, Aram Boghosian.  And I'm also here with my
 9    co-counsel, Chris McNamara -- Christopher McNamara and
10    Michael Ward from Barton LLP.
11              HONORABLE KATHERINE POLK FAILLA (THE COURT):
12    Good afternoon to all of you.  This is Judge Failla.
13              May I please have the appearance for defendants,
14    Universal Navigation, Hayden Adams, and Union Square
15    Ventures, LLC?
16              MR. ELLIOT GREENFIELD:  Yes, good afternoon,
17    your Honor.  This is Elliot Greenfield from Debevoise &
18    Plimpton, and I'm joined by my colleague Brandon Fetzer.
19              THE COURT:  Good afternoon to both of you.
20    Thank you very much.
21              And representing defendant, Paradigm Operations,
22    please?
23              MS. TANSY WOAN:  Good afternoon, your Honor.
24    This is Tansy Woan from Skadden Arps.  I am joined by my
25    colleagues, Alex Drylewski and Samantha Kaplan.
```

```
 1                      PROCEEDINGS              5

 2              THE COURT:  Thank you very much.  And welcome to

 3   you.

 4              Mr. Greenfield, let me please go back to you for

 5   a moment, and then I'll return to Ms. Woan.

 6   Mr. Greenfield, in the context of motions of this type,

 7   it's usually been my experience that defense counsel are

 8   present but not actively participating in questioning.

 9   Is that your contemplation for today, or do you have a

10   position you wish to share with me?

11              MR. GREENFIELD:  That we don't take any position

12   on the motion for appointment of lead plaintiff or lead

13   counsel.

14              THE COURT:  Thank you so much.

15              Ms. Woan, the same question?

16              MS. WOAN:  Same response; we do not take a

17   position on the lead plaintiff motion.  Thank you, your

18   Honor.

19              THE COURT:  Of course, thank you.

20              And representing defendant AH Capital

21   Management, LLC?

22              MS. SUSAN ENGEL:  Good afternoon, your Honor.

23   This is Susan Engel from Latham & Watkins, and I am with

24   my colleague, also from Latham & Watkins, Julia Miller.

25              THE COURT:  Thank you very much.  Ms. Engel, if
```

```
 1                         PROCEEDINGS                6

 2   you could answer the question I just asked Ms. Woan and

 3   Mr. Greenfield about your contemplated participation in

 4   argument regarding the motions that are on today's

 5   calendar?

 6             MS. ENGEL:  The same response, your Honor.  We

 7   do not take a position.

 8             THE COURT:  Okay.  Thank you.

 9             Mr. Serritella, I was advised by my deputy that

10   you are the person speaking or taking the lead for

11   plaintiff's counsel in this case, and so I will begin

12   with you.  Looking at the proposed lead plaintiff group,

13   as I understand it -- and perhaps I'm understanding it

14   incorrectly, it comprises six individuals who were not

15   working together, perhaps had no prior knowledge of each

16   other, but happened to have been consumers of the

17   products at issue.  As I read certain cases from

18   colleagues in this district, including the Varghese

19   decision issued by Judge Marrero in 2008, I think what

20   I'm supposed to look at is whether the related members of

21   the group can function cohesively and effectively manage

22   the litigation apart from their lawyers.  There are

23   factors that I am told I am to consider, and they include

24   the existence of a pre-litigation relationship, the

25   involvement of the group members in the litigation thus
```

PROCEEDINGS                    7

1

2    far, plans for cooperation, the sophistication of the

3    members, and whether the members chose outside counsel

4    and not vice-versa.  I don't believe I have that, sir, in

5    the materials that were submitted to me.  Candidly, the

6    materials I have, unless I'm reading them incorrectly,

7    are largely boilerplate recitations regarding the

8    aspirations of each putative lead plaintiff.  But I have

9    no confidence or no knowledge about their prior work

10   together or what it is about them that can give me

11   confidence that they will be able to work together and

12   manage efficiently the litigation in this case.  Perhaps

13   you can make an oral representation in that regard, or

14   perhaps you want to tell me that only some subset of

15   these individuals will be seeking lead-plaintiff

16   designation.

17            MR. SERRITELLA:  Good afternoon, your Honor.

18   This is James Serritella.  I will address your questions.

19   This case does comprise of individuals that are seeking

20   to be lead plaintiff who were not part of the initial

21   Complaint.  That is correct.  There is -- while I'm aware

22   of those cases your Honor had mentioned, there is

23   precedent in this district for the type of arrangement

24   that we're seeking here and these types of cases in

25   particular.  It was done in the *Binance case* that we

2   cited in our papers by Judge Carter, where you had a set

3   of plaintiffs who sought to join as lead plaintiffs who

4   were not part of the original filing.  It was also done

5   in the *Coinbase* case before Judge Engelmayer, and he

6   wrote an opinion about this, which we also cited in our

7   papers, as well.  And I think Engelmayer did a fairly

8   good job of going through how, similar to our case, just

9   because the plaintiffs were not necessarily known to each

10  other before this case was commenced, it doesn't mean

11  that they cannot cohesively act as a lead-plaintiff

12  group.  And I can represent to the Court that they can.

13              And some of the factors that Judge Engelmayer

14  looked at was also the size of the group and whether

15  there was any evidence that the group was formed in bad

16  faith.  So here we have a relatively small group of six

17  lead plaintiffs.  I believe in the *Binance* case it was

18  eight lead plaintiffs.  And there obviously is no

19  evidence of any bad faith.  And I'll represent to the

20  Court that the group has been working with us, they're

21  aware of each other.  They've all committed to serve as

22  lead plaintiffs with the knowledge that they will be part

23  of a lead group.  They also understand what's at stake in

24  the case.  They understand that they will be part of the

25  group that makes decisions.

```
1                        PROCEEDINGS                    9
2              I do want to point out something that I think is
3   very pertinent to this type of case, securities class
4   actions against crypto asset exchanges, that makes them
5   somewhat unique, and that is that there is a standing
6   component -- standing component -- that you don't see in
7   a typical securities class action.  And what I mean by
8   that, your Honor, this is not a case where the lawyer
9   cobbled together, you know, six plaintiffs to try to show
10  the greatest financial interest, and all of those
11  plaintiffs invested in the same security and so that they
12  can get the lead plaintiff and lead counsel motion or
13  favor.  It's nothing like that, your Honor.  As a matter
14  of fact, what makes this different is that each of these
15  plaintiffs have invested in different tokens that are the
16  subject -- that will be the subject, we intend, if we're
17  the lead plaintiff, of an Amended Complaint because, as
18  Judge Cote dealt with in the Bibox decision, in order to
19  plead claims for a particular token, you have to have an
20  investor that invested in that token for them to have
21  standing to be a class leader or a class representative.
22  And so we have had individuals reach out to us in
23  response to our PSLRA notice, and I could not in good
24  conscience turn away investors that desire to be lead
25  plaintiffs, had investments in tokens that at that time
```

```
 1                      PROCEEDINGS                    10
 2  were not the subject of our case.  Had I turned them
 3  away, I would be turning away their claims and claims of
 4  other prospective class members.  So that's part of the
 5  reason why we have a group, your Honor.
 6           THE COURT:  So let me be a little bit more
 7  specific.  And by "specific," I also mean critical.  The
 8  information that you're relaying to me right now is, I
 9  believe, information that you could have relayed in the
10  sworn statements of your putative class representatives
11  or co-lead plaintiffs.  What I have instead is just
12  boilerplate that gave me no confidence at all that they
13  understood what was at stake, that they understood the
14  standing issues that you've described for me now that
15  they've been working together and that this wasn't
16  somehow just engineered by lawyers in order to -- for
17  purposes that perhaps might not be in keeping with the
18  PSLRA.  So, I mean, I'll listen to you.  You can keep
19  telling me things now, but I believe that a lot of this
20  is stuff that you should have told me in the actual
21  written submission.
22           MR. SERRITELLA:  Understood, your Honor.  And, I
23  mean, if that's an issue, we have no problem with
24  submitting amended certifications if your Honor will
25  allow that.  I can represent to your Honor that these
```

```
 1                    PROCEEDINGS              11
 2   issues have been communicated to all of our potential
 3   lead plaintiffs.  They understand them; and, you know,
 4   with that said, that is part of the calculus.  And if
 5   your Honor needs more comfort, we're happy to amend the
 6   certifications and provide that information.
 7            THE COURT:  Let me understand something
 8   different, please, and that is I want to confirm what I
 9   believe you're saying.  I'm looking now at the chart that
10   is on the seventh page of the memorandum in support of
11   the motion for appointment of lead plaintiff.  And it has
12   each of the six plaintiffs listed.  You said earlier that
13   you couldn't in conscience turn away a plaintiff.  I
14   presume what you're saying is that the reason that you
15   need six of them is because your contemplated amended
16   class action Complaint includes or speaks to each of the
17   tokens that are listed and that you needed, for example,
18   Mr. Myers, who was the one purchaser of the Samsung
19   Metaverse token; you need Ms. Vanesky because she is the
20   one purchaser of the Wise token.  Do I understand
21   correctly why you perceived a need for all six?
22            MR. SERRITELLA:  That's correct, your Honor.
23            THE COURT:  I see.  All right, let's then speak
24   to -- unless there are other things -- sir, I don't
25   believe at this time I'm going to ask for amended written
```

```
 1                        PROCEEDINGS                12

 2   submissions.  I'm assuming that you're making your

 3   representations to me as an officer of the court in

 4   candor and in accuracy.  And what I'd like -- if there

 5   are other things you'd like me to know, then please tell

 6   me now.

 7             MR. SERRITELLA:  Yes.  Thank you, your Honor,

 8   for that opportunity.  And I appreciate that.  Yes, 100%

 9   I am making these representations to you as an officer of

10   the court with complete candor.  And I guess I would just

11   like to reiterate that, you know, there was a process

12   that was done here; we published the notice, we had

13   investors reach out to us.  As I mentioned to your Honor,

14   we've explained the circumstances to each of these

15   proposed lead plaintiffs.  They understand them.  We have

16   been in contact with them, and we've been in the process

17   of coordinating with all of them.  Everyone has exchanged

18   each other's contact information, so they understand

19   what's at stake here, and everyone has agreed to

20   participate with that understanding.

21             THE COURT:  So let me then please turn to the

22   question of the appointment of lead counsel.  And I see,

23   as well, that you're asking for the appointment of more

24   than one entity; you're asking for both the Barton Firm

25   and the Kim & Serritella firm.  My own experience with
```

1

2    co-lead plaintiff's counsel has been quite spotty, so I

3    do want to make clear at the outset that there's only

4    going to be one of you that interfaces with me.  I'm only

5    taking communications from one of you when you're

6    speaking to me in oral proceedings or when you're writing

7    letters to me regarding the progress of the litigation.

8    I don't want to myself feel as though I'm obligated to

9    reach out to a whole bunch of people from plaintiff's

10   counsel in order to find out information.  My bigger

11   issue, as you might imagine, sir, is one of a concern of

12   duplication of efforts.  I saw nothing in the

13   declarations of yourself and Mr. McNamara that gave me

14   any sense of what structures you have put in place or

15   will put in place in order to ensure that litigation

16   responsibilities will be shared in an efficient manner

17   and that duplication will be avoided.  So if you want to

18   speak to that now, please do.

19          MR. SERRITELLA:  Sure, your Honor.  First of

20   all, I will address your Honor's concern about one person

21   speaking.  That would be myself, James Serritella.  So

22   that's not an issue.  And as to the inner workings,

23   without getting -- what I'll say to your Honor is we have

24   been -- we have not been duplicating efforts.  We have a

25   process in place for us to divvy up how we're going to

```
 1                         PROCEEDINGS              14
 2   proceed with certain tasks in connection with the case.
 3   Without getting to into the weeds on this, but one of the
 4   first things we did when we paired up is we came up with
 5   ways in which we can split up research, we can split up
 6   certain tasks.  And that's what we've been doing; and,
 7   again, I can represent to you as an officer of the court
 8   that there have not been, for the most part, duplication
 9   of efforts.  There's been a lot of efficiencies gained by
10   having Barton work with us on this case.  So duplication
11   really is not an issue.
12           THE COURT:  Well, obviously, sir, I'll reserve
13   the right in connection with any later fee petition, if
14   we ever get to that point, to ensure that there has been
15   no duplication.  I just wanted to let you know at the
16   outset that is something that concerns me because in
17   prior class action litigations that I have presided over,
18   there have been issues of duplication of efforts and just
19   inefficiencies.  So I'm giving you the warning at the
20   front end.
21           What else would you like me to know, sir, about
22   why you believe your firm and the Barton firm should be
23   appointed co-interim lead plaintiff counsel?
24           MR. SERRITELLA:  Well, I'll just say, your
25   Honor, understood on that point.  I just wanted to give
```

```
 1                      PROCEEDINGS                15
 2    you some comfort initially that we're very mindful of
 3    duplication of efforts.  And so we take that very
 4    seriously, both firms do.
 5            And with that, I would just say that we will
 6    largely rest on our papers about our experiences and
 7    capabilities.  You know, I don't want to -- sometimes
 8    it's hard to talk about yourself and promote yourself,
 9    especially to a Court, but I will say that I think we did
10    a decent job of laying out in our papers our litigation
11    experience, our respective teams and what we bring to the
12    table and how we believe that we could prosecute this
13    case very effectively and in a meaningful way for the
14    proposed lead plaintiffs and class.
15            THE COURT:  Sir, at page 12 of your memorandum
16    of law you recite that you have nearly 15 years of
17    complex commercial litigation and class action
18    experience.  I don't know that I saw comparable figures
19    for the attorneys at the Barton firm.  If you know, may I
20    have a sense of how long they have been doing this kind
21    of work?
22            MR. SERRITELLA:  So, your Honor, my
23    understanding is that the firm has been around for
24    several decades and they have decades of experience with
25    this type of work.
```

```
 1                      PROCEEDINGS                    16
 2           THE COURT:  All right, Mr. McNamara, do you want
 3  to say anything more specific than that?
 4           MR. CHRISTOPHER MCNAMARA:  Good afternoon, your
 5  Honor.  I would.  Thanks so much for offering me the
 6  opportunity to do so.  So I attempted to provide some
 7  select biographies in support of my declaration.  I can
 8  speak for myself; I graduated law school in 2010.  I've
 9  worked at -- this is now my third firm -- previously,
10  Quinn Emanuel Urquhart & Sullivan; and Willkie Farr &
11  Gallagher.  More than a decade of complex commercial
12  litigation experience, including class actions on both
13  sides of that.  My colleague, my partner, Michael Ward,
14  also has -- and Mr. Ward is with me here today -- also
15  has, you know, relevant experience, as does Mr. Barton.
16  I believe Mr. Barton and Mr. Ward were also before you in
17  an earlier securities fraud class action matter.  So
18  those are just three of the attorneys that, you know,
19  we're going to be -- who are to be working on this
20  matter.  And certainly, as we -- I assume we may be
21  dealing with motions to dismiss from three firms, three
22  very sophisticated firms -- we're going to use our
23  resources efficiently but certainly draw upon a wealth of
24  experience.  That includes, you know, class actions on
25  both sides of (indiscernible).
```

```
 1                        PROCEEDINGS                  17

 2            THE COURT:  Okay.  Thank you.

 3            All right, Mr. Serritella, is there anything

 4  else you'd like me to know, sir?

 5            MR. SERRITELLA:  No, your Honor, that's it.

 6            THE COURT:  Okay.  Thank you.

 7            Mr. McNamara, was that prior case the Acari

 8  Therapeutics Litigation or something --

 9            MR. MCNAMARA:  I believe that's correct, your

10  Honor.  I was not on that one, but Mr. Ward and

11  Mr. Barton were, as I understand it.

12            THE COURT:  Okay.  Thank you.

13            Unless anyone wants me to go back and start

14  reciting cases to them, I will refrain from doing that

15  here, just in the interest of efficiency.  I have, in

16  preparation for this proceeding, as I hope is evidenced

17  by my questions, reviewed all of the written submissions

18  presented by the Barton firm and the Kim & Serritella

19  firm in support of this motion.  I did -- did -- have

20  some concern about the sheer numerosity of plaintiffs and

21  their ability to work together, but I do accept the

22  standing issue, and I am familiar with the Judge Cote

23  decision that was cited to me earlier.  And so

24  principally because the expectation is that each of these

25  individuals provides standing for different tokens and
```

1

2    because they otherwise have qualified insofar as they've

3    timely filed a motion, they have the largest financial

4    interest of those who have spoken to me, and they satisfy

5    at least from a preliminary perspective the typicality

6    and adequacy requirements of Rule 23, I will appoint the

7    six-plaintiff investor group as co-lead plaintiffs in

8    this case.

9            Separately I've been asked to and I will appoint

10   the Kim & Serritella and Barton firms as interim co-lead

11   counsel for this matter.  I hope and I think that I've

12   made clear the concerns that I have, and I'm sure that

13   Mr. Serritella and Mr. McNamara will take heed my

14   concerns about duplication of efforts and unnecessary

15   billings.  So it is my intention to sign the -- I believe

16   there was a proposed order given to me in preparation for

17   this conference that would discuss the appointment of

18   lead plaintiff and lead plaintiff's counsel.

19           Now, Mr. Serritella, is there -- you'll excuse

20   me, I can look back at the proposed order to see if it's

21   included here -- have the parties discussed a schedule

22   for the filing of an amended consolidated class action

23   complaint?

24           MR. SERRITELLA:  Yes, your Honor, there is a

25   stipulation order on file; it's docket entry number 21.

```
 1                      PROCEEDINGS                19
 2  And I believe --
 3           THE COURT:  Ah, yes, that's right; we did it
 4  before the conference.  I'm remembering that now.  Okay.
 5  So from the perspective of the parties, there is in fact
 6  nothing else -- there's no further schedule to set; I
 7  just need to review and to sign the order of appointment.
 8  Is that correct, Mr. Serritella?
 9           MR. SERRITELLA:  Correct, your Honor.  And I
10  believe the schedule that was entered -- this is docket
11  entry number 21 again -- it contemplates that the parties
12  are now to confer and then propose a schedule for an
13  Amended Complaint and a Motion to Dismiss, which we will
14  do.
15           THE COURT:  And I'm sure you will be very
16  reasonable in the times that you all select.  So that is
17  fine.  I see that, and I see that I signed it back in
18  April.  All right, Mr. Serritella, from your team's
19  perspective, is there anything else that you would like
20  to address with me in this proceeding today that I may
21  have overlooked?
22           MR. SERRITELLA:  No, your Honor.  We're good.
23           THE COURT:  All right.
24           MR. SERRITELLA:  I hope so.
25           THE COURT:  Thank you, sir.
```

```
 1                         PROCEEDINGS                 20

 2              Mr. Greenfield, anything to discuss with me

 3    today?

 4              MR. GREENFIELD:  No, nothing from us.  Thank

 5    you, your Honor.

 6              THE COURT:  Of course.  Thank you.  And

 7    Ms. Woan, anything else today?

 8              MS. WOAN:  Nothing further, your Honor.  Thank

 9    you.

10              THE COURT:  Thank you so much.

11              Ms. Engel, anything further today?

12              MS. ENGEL:  Same answer.  Nothing further, your

13    Honor.  Thanks very much.

14              THE COURT:  All right.  Well, let me begin by

15    thanking you, first of all, for participating by

16    telephone, although I suspect that may have been easier

17    for you than coming down here to the courthouse, but also

18    for adjusting your schedules to permit me to take this

19    call earlier and thereby kind of make my schedule a

20    little bit easier today.  You have my thanks for that.

21              Let me also wish to you and to your families and

22    to your clients continued safety and good health in this

23    pandemic.  Be well, everyone.  I look forward to hearing

24    from you in a few weeks.  We are adjourned.

25              (Whereupon, the matter is recessed.)
```

21

<u>C E R T I F I C A T E</u>

I, Carole Ludwig, certify that the foregoing transcript of proceedings in the case of Risley v. Universal Navigation Inc. et al, Docket #22-cv-02780-KPF, was prepared using digital transcription software and is a true and accurate record of the proceedings.

Signature_____*Carole Ludwig*_____

Carole Ludwig

Date:     August 1, 2022