

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

October 26, 2022

BY ECF AND EMAIL

The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:  *Risley et al. v. Universal Navigation Inc. et al.*, No. 22 Civ. 2780.

Dear Judge Failla:

Pursuant to Section 4.A. of Your Honor's Individual Practices, we write of behalf of Defendants Universal Navigation Inc. d/b/a Uniswap Labs ("Labs") and Hayden Z. Adams to request a pre-motion conference regarding their anticipated motion to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted.  The primary bases of the anticipated motion to dismiss are set forth below.

### I.    Plaintiffs Rely on Indisputably False Allegations.

Plaintiffs' claims are based primarily on two indisputably false allegations: (*i*) that Labs sold tokens to Plaintiffs and (*ii*) that Labs collects fees from trades.  Those allegations are not well-pleaded facts entitled to the presumption of truth because they are directly contradicted by the very documents on which Plaintiffs purport to rely, including a whitepaper issued by Labs and pages from Labs's website, which are incorporated by reference in the Amended Complaint.  *See NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 149 n.1 (2d Cir. 2012) (court need not accept as true allegations contradicted by cited documents).

The documents that Plaintiffs cite and rely on provide a clear description of the Uniswap Protocol.  The Protocol is simply computer code running on the Ethereum blockchain, which allows users to trade tokens using "self-executing, self-enforcing" code known as "smart contracts."  (AC ¶ 42.)  For a specific pair of tokens traded on the Protocol, some users supply the tokens to a "liquidity pool," and other users can then interact with the liquidity pool to trade one token for the other.  (AC ¶ 78.)  At no point does Labs have *any* interest in the tokens traded on the Protocol – no title, ownership, custody, possession or control.  The process is fully decentralized and, once launched, runs entirely independently of Labs.  Indeed, just as bitcoin continues to operate years after creator Satoshi Nakamoto disappeared, the Protocol would remain fully operational if Labs were to cease to exist.

Nor does Labs collect *any* fees for trades made on the Protocol.  As the Uniswap whitepaper and website clearly state, the .3% fee on trades is paid to *liquidity providers*, not to *Labs*.[1]  There is

---

[1]   Plaintiffs' allegation that Labs has "the right" to allocate a portion of this fee to itself also misstates the cited whitepaper.  (AC ¶¶ 63, 91, 93.)  Although the Uniswap v2 Protocol

The Honorable Katherine Polk Failla          2          October 26, 2022

no allegation that Labs – or any other Defendant – was a liquidity provider for any of the tokens at issue. Moreover, had Labs received any such fees, it would be a matter of public record because the fees would be reflected on the public blockchain. Plaintiffs' repeated accusation that Labs secretly collects millions of dollars in fees is unsupported by any evidence, demonstrably false and in violation of Rule 11. *See* Fed. R. Civ. P. 11(b)(3) (requiring that "factual contentions have evidentiary support"); 15 U.S.C. § 78u-4(c)(1) (requiring review of compliance with Rule 11(b) in federal securities actions).

## II.     The Amended Complaint Should Be Dismissed for Failure to State a Claim.

Plaintiffs fall far short of stating a claim under federal or state law because there are no well-pleaded allegations that Labs sold the tokens at issue, was the counterparty in any of Plaintiffs' alleged trades, or received any fees from those trades. The federal claims are also time-barred with respect to almost all of the alleged trades. 15 U.S.C. §§ 77m, 78cc. There are no allegations against Mr. Adams supporting liability under the federal or state securities laws, and the control person claims fail because Plaintiffs do not adequately plead a primary violation against Labs. Furthermore, although the bulk of the Amended Complaint is devoted to alleged "scams" by third-party token issuers, Plaintiffs fail to plead particularized facts indicating that Labs or Mr. Adams were even aware of any purported scams, much less provided substantial assistance, as required by the relevant law. (AC ¶¶ 195-696.)

### A.     Plaintiffs Fail to State a Claim Under the Exchange Act.

Plaintiffs' claims under Sections 5 and 15(a)(1) of the Securities Exchange Act of 1934 fail because neither section provides for a private right of action and there is no basis to imply one. *See EMA Fin., LLC v. Vystar Corp.*, 2021 WL 1177801, at *3 (S.D.N.Y. Mar. 29, 2021) (Section 15(a)(1) provides no private right of action).[2]

Plaintiffs seek to circumvent the lack of a private right of action by invoking Section 29(b), which states that a contract is void if its performance violates the Exchange Act, but they fail to identify any such contract to which they were a party. *See EMA Fin.*, 2021 WL 1177801, at *2 ("To establish a violation of Section 29(b), the plaintiffs must show that . . . he is in contractual privity with the defendant."). Plaintiffs are not parties to any alleged contracts between Labs and issuers of tokens. (AC ¶¶ 711, 722.) And, to the extent Plaintiffs assert that their trades on the Protocol constitute contracts, those transactions were not with Labs. (*Id.*)

---

    includes an optional .05% Protocol fee, this option has *not* been activated, and *no* fees are being paid to the Protocol, much less to Labs. Plaintiffs allege no facts to the contrary.

[2]   Sections 5 and 15(a)(1) prohibit securities transactions on unregistered exchanges or effected by unregistered brokers or dealers, respectively. 15 U.S.C. §§ 78e, 78o. Labs disputes that the tokens are "securities" and that it is an "exchange" or "broker or dealer" as defined in Section 3 of the Exchange Act.

The Honorable Katherine Polk Failla         3         October 26, 2022

The only potential contract between Plaintiffs and Labs is the Uniswap terms of service, and that agreement did not require the performance of any act that violates the Exchange Act. *See Tanzanian Royalty Expl. Corp. v. Crede CG III, Ltd.*, 2019 WL 1368570, at *13 (S.D.N.Y. Mar. 26, 2019) ("[C]ontracts can be held unenforceable under § 29(b) only when the contract 'on its face' requires the performance of an illegal act."); *see also EMA Fin.*, 2021 WL 1177801, at *2 (Under Section 29(b), "only unlawful contracts may be rescinded, not unlawful transactions made pursuant to lawful contracts.").

### B.      Plaintiffs Fail to State a Claim Under the Securities Act.

Plaintiffs' claims under Sections 5 and 12(a)(1) of the Securities Act of 1933 fail because Plaintiffs do not – and cannot – plausibly allege that Labs sold, offered to sell, or solicited the sale of any of the tokens at issue in the Amended Complaint.

Labs is not a "statutory seller" for purpose of Section 12(a)(1) because there is no factual allegation that Labs (*i*) "passed title or other interest in a security to a buyer for value" or (*ii*) "successfully solicit[ed] the purchase" of a security. *Pinter v. Dahl*, 486 U.S. 622, 642, 647 (1988). Labs did not sell the tokens to Plaintiffs. As noted above, Labs does not hold title or have any other interest in the tokens traded by users on the Protocol. All tokens traded on the Protocol are provided by other users – the liquidity providers. Plaintiffs' assertion that Labs "solicited, offered, and sold" tokens merely by creating the Protocol makes no sense and is unsupported by any authority. (AC ¶¶ 9, 198.)

### C.      Plaintiffs Fail to State a Claim Under State Law.

Plaintiffs' claims under the Idaho and North Carolina securities statutes fail for the additional reason that there is no allegation that Labs engaged in any conduct in either state – much less sold securities or acted as a broker-dealer – as expressly required to trigger application of the cited statutes. *See* I.C. § 30-14-301 (prohibiting conduct "in this state"); I.C. § 30-14-401 (same); N.C. Gen. Stat. § 78A-24 (same); N.C. Gen. Stat. § 78A-36 (same).

Plaintiffs fail to state a claim for aiding and abetting fraud or negligent misrepresentation because they do not allege any particularized facts indicating that Labs had "actual knowledge" of any purported fraud or misrepresentation, much less that it provided "substantial assistance to advance the fraud's commission." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 292 (2d Cir. 2006); *MSV Synergy, LLC v. Shapiro*, 2022 WL 4096163, at *10 (S.D.N.Y. Sept. 7, 2022) (fraud and misrepresentation claims are "subject to Rule 9(b)'s heightened pleading standard").

Plaintiffs fail to state a claim for unjust enrichment because there is no well-pleaded allegation that Labs received any fees or other "specific and direct benefit" in connection with Plaintiffs' trades and at their "expense." *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000). Plaintiffs also fail to adequately plead that "equity and good conscience" would require restitution. *Id.*

Respectfully submitted,

/s/ Elliot Greenfield