# MorrisonCohen LLP

Jason Gottlieb
Partner
(212) 735-8837
jgottlieb@morrisoncohen.com

October 26, 2022

<u>VIA ECF</u>

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
Courtroom 618
New York, New York 10007

Re: <u>*Risley, et al. v. Universal Navigation Inc., et al.*</u>, **No. 22-cv-2780-KPF**

Dear Judge Failla:

We represent Defendant Uniswap Foundation (the "Foundation"). I write pursuant to Section 4.A of the Court's Individual Rules of Practice in Civil Cases to respectfully request a pre-motion conference regarding Uniswap Foundation's proposed motion to dismiss the First Amended Class Action Complaint (ECF No. 46, the "Complaint" or the "Compl.") of Nessa Risley, James Freeland, Robert Scott, Annie Venesky, Andrew Cardis, and Dean Meyers (collectively, "Plaintiffs") as against Uniswap Foundation.

The Complaint alleges violations of federal and state securities laws, as well as common law torts, concerning the "Uniswap Protocol." The Foundation adopts and incorporates by reference the portions of the pre-motion letter by Defendant Universal Navigation Inc. dba Uniswap Labs ("Labs"), and the pre-motion letter by the "VC Defendants," explaining why Plaintiffs' fourteen causes of action fail to state a claim against anyone at all.

In addition to the reasons set forth in those letters, the Foundation intends to submit a separate, concise motion to be dismissed from this litigation because there are no allegations that the Foundation ever owned or operated the Uniswap Protocol, sold any tokens to Plaintiffs (or anyone), collected any user fees, or did literally anything else alleged to be unlawful. As Plaintiffs concede, Compl. ¶ 158, the Foundation did not even exist until June 30, 2022, years after the Uniswap Protocol was launched, Compl. ¶ 51, and after the vast majority of the activity recited in the Complaint occurred. The Complaint's sole basis for naming the Foundation is the *ipse dixit* assertion that the Foundation is an "alter ego" of Labs, and thus "shares liability" with Labs for each cause of action. Compl. ¶¶ 20, 714, 724, 740, 755, 764, 779, 786, 801, 808, 814.

Plaintiffs have not come close to meeting the high bar to plead that the Foundation is an "alter ego" of Labs such that any allegations against Labs could be imputed to the Foundation.

Hon. Katherine Polk Failla, p. 2
October 26, 2022

Delaware law[1] uses the terms "alter ego" and "veil piercing" interchangeably. *Tronox Inc. v. Anadarko Petro. Corp.*, 549 B.R. 21, 44 (S.D.N.Y. 2016). "Delaware public policy disfavors disregarding the separate legal existence of business entities." *Paul Elton, LLC v. Rommel Delaware, LLC*, No. 2019-0759 (KSJM), 2020 WL 2203708, at *14 (Del. Ch. May 7, 2020). Piercing the corporate veil is thus a "difficult task" under Delaware law. *Cohen*, 724 F. App'x at 47 (citations omitted).

The Second Circuit has explained that under Delaware law, the "plaintiff must demonstrate that the corporation and the owner operated as a single economic entity such that it would be inequitable to uphold a legal distinction between them." *Id.* (citations, quotation marks, and ellipses omitted). To do so, a plaintiff "must show *both* that (1) the owner and his corporation operated as a single economic entity and that (2) the owner's actions contained an overall element of injustice or unfairness." *Id.* (citations and quotation marks omitted, emphasis in original). "[M]ere ownership or direction of a corporate entity, without more, is not sufficient to establish that the corporate form should be disregarded. The plaintiff must also show some fraud, injustice, or inequity in the use of the corporate form." *Id.* (citations and quotation marks omitted).

The "degree of control required to pierce the veil is exclusive domination and control to … the point where the [pierced entity] no longer has legal or independent significance of its own." *Wallace v. Wood*, 752 A.2d 1175, 1184 (Del. Ch. 1999) (quotation marks and brackets omitted). Factors considered by courts in order to determine whether or not the corporate veil should be pierced include "(1) undercapitalization; (2) failure to observe corporate formalities; (3) nonpayment of dividends; (4) the insolvency of the debtor corporation at the time; (5) siphoning of the corporation's funds by the dominant stockholder; (6) the absence of corporate records; and (7) the fact that the corporation is merely a façade for the operations of the dominant stockholder or stockholders." *Trevino v. Merscorp, Inc.*, 583 F. Supp. 2d 521, 528-29 (D. Del. 2008).

The Complaint does not come close to pleading any of these factors. As an initial matter, the Foundation is not alleged to be a subsidiary of, or even an affiliate of, Labs. The Foundation is alleged to be a "membership corporation" without authority to issue capital stock, with one class of members consisting of the Foundation directors. Compl. ¶ 166. The lack of parent/subsidiary relationship or common ownership underscores the implausibility of Plaintiffs' alter ego argument. *See Maloney-Refaie v. Bridge at Sch., Inc.*, 958 A.2d 871, 881 (Del. Ch. 2008) (dismissing complaint and rejecting alter ego argument because, *inter alia*, the plaintiff "has not alleged that the Foundation has any ownership interest in Bridge at School.").

Plaintiff also does not plead that the Foundation and Labs acted as one economic entity. The most Plaintiff alleges is that one of the Foundation directors was at one point the Labs chief of staff, and another director was previously the "Lead of the Uniswap Grants Program," Compl. ¶¶ 159, 165. But "overlapping or identical personnel" – which has not even been pleaded here

---

[1] As Plaintiffs' allege, both the Foundation and Labs are Delaware entities. Thus, Delaware law determines whether the actions of Labs can be imputed to the Foundation. *Cohen v. Schroeder*, 724 F. App'x 45, 47 (2d Cir. 2018).

Hon. Katherine Polk Failla, p. 3
October 26, 2022

because those directors are not alleged to have continued working at Labs after joining the Foundation – "does not by itself warrant ignoring the corporate form." *Nieves v. Insight Building Co., LLC*, No. 2019-0464-SG, 2020 WL 4463425, at *8 (Del. Ch. Aug. 4, 2020) (dismissing alter ego claims even though plaintiff alleged that parent company's principals conducted business for subsidiary).

Further, there are no allegations that the Foundation utilized Labs for any improper purpose. Per the Complaint, the Foundation was formed to "provide grants to builders, researchers, organizers, academics, analysts and more to grow the Protocol and plan its future." Compl. ¶ 162. Likewise, there are no allegations that either entity is a sham formed as a vehicle for fraud, is undercapitalized, or has failed to observe corporate formalities. *See DG BF, LLC v. Ray*, No. 2020-0459-MTZ, 2021 WL 776742, at *27 (Del. Ch. Mar. 1, 2021) (dismissing alter ego claim where "[t]here are no allegations that support an inference that AGR is a 'sham' or that it exists for no other purpose than as a vehicle for fraud. To the contrary, Plaintiffs describe AGR as a multi-million-dollar cannabis and CBD business.") (internal quotation marks omitted); *Trevino*, 583 F. Supp. 2d at 530 (dismissing causes of action, rejecting alter ego theory, and explaining that "[i]n light of Plaintiffs' concession that MERS was created for a legitimate purpose, and Plaintiffs' failure to allege in their Amended Complaint any other factors, besides undercapitalization, that would support their contention that the Shareholder Defendants and MERS operated as a single economic entity, the Court finds that Plaintiffs have not alleged facts sufficient to support a finding that the Shareholder Defendants and MERS operated as a single economic entity."); *In re Frito-Lay North America, Inc. All Natural Litig.*, No. 12-MD-2413 (RRM) (RLM), 2013 WL 4647512, at *6 (E.D.N.Y. Aug. 29, 2013) (dismissing allegations against certain defendant under Delaware law because Plaintiff's allegations of alter ego "are also deficient because they fail entirely to plead what justice or unfairness is present by the defendants' misuse of the corporate form"); *Doberstein v. G-P Indus., Inc.*, No. 9995-VCP, 2015 WL 6606484, at *5 (Del. Ch. Oct. 30, 2015) (dismissing claim for piercing the corporate veil where plaintiff "failed to allege that Greenplate utilized G-P as a sham entity to defraud her.").

In sum, there are no allegations justifying Plaintiffs' apparent view that the Foundation is an alter ego of anyone else, or the Plaintiffs' implicit argument that the corporate form should be disregarded. We look forward to setting forth these arguments in greater detail in a full motion to dismiss. We are available for a conference at the Court's convenience.

Respectfully submitted,

/s/ Jason Gottlieb

Jason Gottlieb