

James R. Serritella<br>
T/F: 212-960-8345<br>
jserritella@kandslaw.com

August 21, 2023

**VIA ECF**
Hon. Katherine Polk Failla, U.S. District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:   *Risley v. Universal Navigation Inc., et al.*, Case No. 1:22-cv-02780-KPF

Dear Judge Failla:

We represent Plaintiffs in the above-referenced matter. We write to inform Your Honor of a recent decision that Your Honor may find informative in deciding Defendants' pending motions to dismiss.

Please find enclosed a decision by the Hon. Robert Pitman in *Loon v. Dep't of Treas.,* 2023 U.S. Dist. LEXIS 144035, No. 1:23-CV-312-RP (W.D. Tex. Aug. 17, 2023). There, the court granted the government defendants' motion for summary judgment, holding that smart contracts are categorized as "property" in accordance with the Office of Foreign Assets Control's ("OFAC") definition. The court determined that the OFAC's guidance is not overly expansive and that smart contracts are simply "a code-enabled species of unilateral contracts". *Id*. at *30. The court further held that Tornado Cash (a DAO) was a person for purposes of applicable regulations, concluding that governance for DAOs is often highly concentrated with a developer group closely involved in all aspects of its management and proposing and promoting protocol changes to be voted on, which was plainly the case there. *See id.* at *5-7, 23-27.

Here, Defendants make the same exact arguments the court rejected in *Loon*, *i.e.*, that smart contracts "are not 'contracts' in the legal sense" and that the Uniswap Protocol is supposedly "fully decentralized and autonomous."

Respectfully submitted,<br><br>
/s/ James R. Serritella<br><br>
James R. Serritella

Enclosure
cc:   All counsel of record (via ECF)