



James R. Serritella
T/F: 212-960-8345
jserritella@kandslaw.com

March 19, 2025

**By ECF and Email**

Hon. Katherine Polk Failla, U.S. District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 1007
Failla_NYSDChambers@nysd.uscourts.gov

Re:   *Risley v. Universal Navigation Inc., et al.,* Case No. *1:22-cv-02780*-KPF

Dear Judge Failla:

We write on behalf of the Plaintiffs in response to Your Honor's Order that Plaintiffs file a letter detailing the bases for seeking leave to file a second amended complaint [Dkt. 97]. For the reasons explained below, Plaintiffs respectfully request permission to file a Second Amended complaint ("SAC") for the purposes of: (1) streamlining the allegations; (2) removing certain claims that that have been dismissed (3) dropping other claims that Plaintiffs now seek to voluntarily dismiss; (4) dismissing the VC Defendants (Paradigm Operations LP, AH Capital Management, L.L.C. d/b/a Andreessen Horowitz and Union Square Ventures, LLC) and Uniswap Foundation from the lawsuit, so that the only remaining Defendants in the action are Universal Navigation Inc. dba Uniswap Labs and Hayden Z. Adams; and (5) adding additional consumer protection claims, including pursuant to Deceptive Acts and Unlawful Practices under New York Gen. Bus. L. § 349 ("GBL§ 349"), North Carolina CPA § 75.1-1, and Idaho CPA § 48-603C (collectively "CPA Claims").

### I.   The Second Circuit Favors Granting Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "the court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Where there is neither a showing of the movant's undue delay, bad faith or dilatory motive, nor a showing of undue prejudice to the opposing party by virtue of allowance of the amendment, leave to amend should be granted." *In re Winstar Commc'ns*, No. 01-cv.-3014, 2006 U.S. Dist. LEXIS 7618, at *4, 2006 WL 473885 (S.D.N.Y. Feb. 27, 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Additionally, "it is the usual practice in this Circuit to grant leave to amend after granting a motion to dismiss." *Cruz v. Loc 32BJ*, 22-cv-03068, __ F. Supp.3d __, 2025 U.S. Dist. LEXIS 3930, at *4-5 (S.D.N.Y. Jan. 8, 2025)(internal quotation marks omitted).

"Courts in this Circuit have consistently demonstrated a strong preference to grant leave to amend, viewing the Fed. R. Civ. P. 15(a)(2) directive that leave to amend be 'freely give[n] ... when justice so requires' as a "lenient standard." *Scalia v. Sarene Servs., Inc.*, 740 F. Supp. 3d 251, 275 (E.D.N.Y. 2024). "Under this liberal standard, a motion to amend should be denied only if the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile." *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016). *See Dalewitz v. P&G*, 22-cv-07323, 2025 U.S. Dist. LEXIS 44326, at *4 (S.D.N.Y. Mar. 11, 2025) ("[A]bsent a showing of prejudice or bad faith, practice in this Circuit is to grant a motion to amend.").

The liberal standard of Rule 15 is still the same after an appeal. *See e.g.*, *Hom Sui Ching v. United States*, 298 F.3d 174, 179 n. 4 (2d Cir. 2002) (holding that Rule 15 permits amendment of civil pleadings following remand "when consistent with the appellate court's decision") (quoting Moore's Federal Practice §15.14[4] (3d ed. 2002)); *City of Columbia v. Paul N. Howard Co.*, 707 F.2d 338, 341 (8th Cir. 1983) (finding an amendment can be proper after remand to the district court).

## II.   There Has Been No Undue Delay in Plaintiffs Requesting Leave to File a SAC

"In the Second Circuit, '[m]ere delay, [ ] absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.'" *Dalewitz*, 2025 U.S. Dist. LEXIS 44326, at *5 (quoting *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 339 (2d Cir. 2000)). In the instant case, there has been no undue delay. Plaintiffs stood on their FAC based on the circumstances at that time and their allegations that federal securities law applied in this case. As this Court stated in its August 29, 2023, Opinion and Order [Dkt. 90], federal securities law and the extent to which cryptocurrency exchanges are regulated by it is a "hotly contested" issue. Dkt. 90 at 25. The Second Circuit agreed with Your Honor's assessment. 2025 U.S. App. LEXIS 4460 at *3 n.1. Plaintiffs sought to amend their FAC within a month of the Second Circuit's ruling that securities law is inapplicable here.

## III.   Allowing Plaintiffs to File an SAC Would Promote Efficiency and Judicial Economy

The operative complaint (the "FAC") is 165 pages with 814 allegations, many of which are no longer necessary in light of the Second Circuit's affirmance of Your Honor's dismissal. Plaintiffs would streamline the allegations in the FAC by removing the previously dismissed claims and related North Carolina law securities claims (the first through eleventh causes of action in the FAC), leaving the claims for aiding and abetting fraud, aiding and abetting negligent misrepresentation, and unjust enrichment. In addition, Plaintiffs intend to voluntarily remove the VC Defendants and the Uniswap Foundation from this case, leaving only Universal Navigation Inc. and Hayden Z. Adams (collectively, "Uniswap") as Defendants.

## IV.   Plaintiffs Have State Law Claims Pursuant to Consumer Protection Statutes

Five lead Plaintiffs in this matter reside in New York, North Carolina, and Idaho. Each of these states has consumer protection laws. *See* GBL§ 349, North Carolina CPA § 75.1-1, and Idaho CPA § 48-603C. Nonetheless, Plaintiffs did not plead these claims in the FAC because courts have consistently held that consumer protection laws are not applicable to areas of law that

Hon. Katherine Polk Failla
March 19, 2025
Page 3

are traditionally regulated by federal agencies, such as the purchase and sale of securities. *See e.g.*, *Balta v. Ayco Co., LP*, 04-cv-6164, 2005 U.S. Dist. LEXIS 53203, at *8 (W.D.N.Y. Nov. 21, 2005) (holding that GBL § 349 does not cover securities); *In re Gas Reclamation, Inc. Securities Litigation*, 733 F. Supp. 713, 725 (S.D.N.Y. 1990) (finding § 349 was designed to protect ordinary consumers as opposed to investors who purchase securities); *Weft, Inc. v. G.C. Inv. Assocs.*, 630 F. Supp. 1138, 1141 (E.D.N.C. 1986) (noting that the Supreme Court of North Carolina held "that securities transactions are beyond the scope" of North Carolina's consumer protection statute).

However, this Court "decline[d] to stretch the federal securities laws to cover the conduct alleged, and conclude[d] that Plaintiffs' concerns are better addressed to Congress rather than to this Court." Dkt. 90 at 28. In addition, in recent decisions, courts have permitted plaintiffs to plead GBL § 349 claims in cases concerning the sale of digital assets. *See, e.g.*, *Donovan v. GMO-Z.Com Trust Co.*, 23-civ.-8431, 2025 U.S. Dist. LEXIS 27871, at *38-43 (S.D.N.Y. Feb. 17, 2025). Given the Second Circuit's decision and these developments in the law, Plaintiffs seek to add consumer protection law claims.

Under GBL § 349, "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service" in New York are unlawful and prohibited. GBL § 349(a). "Deceptive acts" are those "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Fink v. Timer Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). To make out a prima facie case under GBL § 349, a plaintiff needs to show that (1) the defendant's deceptive acts were directed at consumers, (2) the acts were misleading in a material way, and (3) the plaintiff was injured as a result. *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000). Similarly, the North Carolina CPA provides that, "[u]nfair methods of competition in or affecting commerce and unfair deceptive acts or practices in or affecting commerce are declared unlawful." N.C. Gen. Stat. Ann. §75-1.1 (2022). In addition, Idaho's CPA § 48-603C, pertaining to unconscionable methods, acts or practices, states that: "(1) [a]ny unconscionable method, act or practice in the conduct of any trade or commerce violates the provisions of this chapter whether it occurs before, during or after the conduct of the trade or commerce…".

Here, it is without question that Uniswap hosts and controls the Interface on its servers. Plaintiffs purchased the tokens at issue through the Interface, and all, or nearly all, investors that trade on the protocol do so through the Interface. FAC ¶¶ 64-65. Throughout the FAC, Plaintiffs allege in detail that (i) fraud runs rampant on the Protocol, which users almost exclusively access through the Interface (ii) Uniswap is aware of this fraud and that nearly all the tokens accessed through the Interface are scams, and (iii) Uniswap promotes and makes the Interface available to users, while either materially omitting or misrepresenting the fraud it condones or promotes. *See, e.g.*, FAC ¶¶ 183-84, 189, 194. This conduct fits squarely within these statutes. Uniswap's improper conduct, aimed at consumers, to encourage them to engage in what Uniswap knows to be unsafe activity where scam tokens run prevalent and permitting them to make such purchases, injured those consumers, such as plaintiffs.

### V. Giving Plaintiffs Permission to File a SAC Would Not Unduly Prejudice Defendants

The Second Circuit has stated that prejudice to the opposing party resulting from a proposed amendment is among the most important reasons to deny leave to amend. *AEP Enery Services Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 725 (2d Cir. 2010). Like the plaintiffs in *Dalewitz*, Plaintiffs' motion here would not prejudice the remaining Defendants. This case is still at the pleadings stage, Defendants have not filed an Answer, and discovery has not yet commenced. *Dalewitz v. P&G*, 2025 U.S. Dist. LEXIS 44326, *7. Defendants' selective quoting of the undersigned at a pre-motion conference from over two years ago concerning the circumstance at the time and then pending motions is not a basis to deny a motion to amend. [Dkt. 64 at 4-5]. Undoubtedly, the circumstances have now changed and the proposed amendments are sensible and appropriate given recent developments.

### VI. The State Consumer Protection Law Claims Would Relate Back to the Commencement Date

"Under Rule 15(c) of the Federal Rules of Civil Procedure, an amendment to a pleading relates back to the date of the original pleading when the claim in the amendment arose out of the conduct, transaction, or occurrence set out…in the original pleading." *United States ex rel. Raffington v. Bon Secours Health Sys.*, 567 F. Supp. 3d 429, 444 (S.D.N.Y. 2021) (internal quotations omitted). *See also Slayton v. Am. Exp. Co.*, 460 F. 3d 215, 228 (2d Cir. 2006) (holding that relation back occurs where the amended complaint does not allege a new claim but renders prior allegations more precise); CPLR 203(f) ("A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading."). Here, there is no doubt that the additional state CPA Claims would relate back to the filing date under either standard. Plaintiffs alleged aiding and abetting fraud against all Defendants (Twelfth Cause of Action) in the FAC. Thus, Defendants' misrepresentations, deceptions, and omissions were at issue in the FAC. *See Thrane v. Franklin First Fin., Ltd.*, 266 F.R.D. 51, 53-54 (E.D.N.Y. 2010)(stating that "[t]here is no question that the N.Y. CPLR authorizes relation back" pursuant to CPLR 203(f) to add a GBL § 349 claim to an amended pleading, and permitting amendment to assert § 349 claim where the defendant had notice of the conduct that forms the basis of that claim).

We thank the Court for the opportunity to submit this letter.

Respectfully submitted,

/s/James R. Serritella

James R. Serritella

Having considered the arguments raised in the parties' letters (Dkt. #99, 101) and at the pre-motion conference on April 10, 2025, the Court hereby GRANTS Plaintiffs' motion for leave to amend the complaint and sets the following schedule:

-Plaintiffs shall file their amended complaint on or before **May 14, 2025;**

-Defendants shall file their opening brief for their motion to dismiss on or before **June 13, 2025;**

-Plaintiffs shall file their opposition brief on or before **July 11, 2025;** and

-Defendants shall file any reply brief on or before **July 25, 2025.**

Dated:     April 14, 2025          SO ORDERED.
           New York, New York

                                   *Katherine Polk Failla*

                                   HON. KATHERINE POLK FAILLA
                                   UNITED STATES DISTRICT JUDGE